[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PRODUCTION OF TRANSCRIPT
In this administrative appeal the plaintiff claims counsel for the Board or the Board of Education have a certain transcript which he is entitled to inspect. Another judge has ordered the transcript to be produced. However, under our rules, requests for production and inspection under P.B. § 227 can only be directed to a "party" and that term is defined in P.B. § 216. Attorney Mills and his client, the Board of Education, are not parties in this action. Therefore, since this court did not issue the foregoing order it is reluctant to issue a rule to show cause under these circumstances since the contempt power is involved. CT Page 12254
However, under the Practice Book "any person" may be deposed, § 244 (a) and under § 245 (c) a subpoena may request such person to bring documents or other tangible things to the deposition. Thus there is a mechanism whereby a "party" can depose a non-party and ancillary to that procedure inspect transcripts or depositions in the non-party's possession. Of course the nonparty can object to the holding of the deposition, the production to documents or both, § 245 (d). The plaintiff states he cannot utilize this mechanism because he has no questions to ask any witness he would subpoena to the deposition — he just wants to examine material they would be compelled by way of subpoena to bring the deposition. To avoid a claim that deposition procedure is being abused, however, the court does not feel it is necessary to ask any more questions than would be necessary to authenticate the document and to establish how it came in possession of the non-party and why it was not voluntarily turned over if that is relevant to the case. However, the court appreciates the plaintiff's problem and he may fairly conclude that it would not be appropriate to use deposition procedure in this manner.
If the plaintiff reaches that conclusion, then the only solution would be to subpoena the holder of the document at the time of trial or hearing. The plaintiff should file a request for a continuance, not so much requesting a continuance of the actual trial or hearing date but alerting the court that if during the hearing the document is provided and he is allowed to inspect it he may feel the need to continue the hearing or interrupt it for a reasonable time so that he can inspect the document and conduct any further investigation its late production may require.
This may be the only way to fairly protect the plaintiff's interests because it may be a situation where the rules of pre-trial discovery do not provide for the production of certain material since the holder of that material is a non-party. It is an odd result, however, to have a scheme of court practice that permits a non party to be subpoenaed to a deposition in person but does not allow documents or tangible items to be inspected or examined if the subpoenaing party has no particular inquiry of the person in possession of the items other than did you bring what was requested. In any event the court will not issue a rule to show cause.
CORRADINO, J. CT Page 12255